IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MONROE OLIVER, JR.,** | : | |
| Plaintiff, | : : | |
| | : | Case No. 5:23-cv-00111-TES-CHW |
| v. | : : | |
| Doctor BROWN, | : : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U. S. Magistrate Judge |
| | : | |

## ORDER

*Pro se* Plaintiff Monroe Oliver, Jr., a prisoner at Lexington Federal Medical Center in Lexington, Kentucky, filed a complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has paid the filing fee.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Although now in federal prison, Plaintiff was previously incarcerated at Washington State Prison. ECF No. 1 at 2-7. Plaintiff states that he had a pre-existing "hip problem" prior to being arrested. *Id*. at 4. He complains that "Doctor Brown would wait months before sending [him] back to Augusta Medical Prison". *Id*. Plaintiff also complains that the medication proscribed by Dr. Brown "made [him] crazy in the head and [he] could not

stand". *Id*. at 5. He alleges that he was "told in 2019 at Augusta Medical Prison [he] need[ed] hip surgery real bad" but he never received the surgery. *Id*. at 4-5. Plaintiff further claims that while he was at Washington State Prison, he progressed from limping to crutches to a wheelchair. *Id*. at 5. Lastly, Plaintiff states that he has "been told now by a specialist due to the wait that the State of Ga took [him] through" that he will "have trouble walking for the rest of [his] life and… may also need multiable (sic) surgeries now instead of one". *Id*. at 8. Plaintiff "want[s] Dr. Brown and the State of GA prison to be held accountable for the pain and suffering they caused [him] due to them not doing [his] surgery". *Id*. at 5.

To the extent that Plaintiff may be seeking liability against the State of Georgia or the Georgia Department of Corrections, the Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The State of Georgia and the Georgia Department of Corrections, which is an agency of the State of Georgia, are protected by sovereign immunity. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Thus it would be futile for the Plaintiff to name them as Defendants or to seek liability from them in this § 1983 civil action.

Although Plaintiff complains that he did not receive proper medical treatment for his hip condition while incarcerated at Washington State Prison, "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). A prisoner seeking to state an Eighth Amendment claim for deliberate indifference to a serious medical need must allege facts to show that his medical need was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106; *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991); *Brinton v. Gaffney,* 554 F.Supp. 388, 389 (E.D.Pa.1983) (a § 1983 claim "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice"). "[I]t is obduracy and wantonness, not inadvertence or error in good faith," that violates the Constitution in "'supplying medical needs.'" *Adams v. Poag,* 61 F.3d at 1543 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

Where an inmate has received medical treatment and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or

3

appropriateness of the medical judgments that were made. *Harris*, 941 F.2d at 1507 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied,* 475 U.S. 1096 (1986); *see also Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). To state the law most simply, if Plaintiff's claim lies in medical malpractice of Defendants who are not otherwise subject to federal jurisdiction, then those claims must be presented to the state courts as a state law tort claim. If Plaintiff has a factual basis for deliberate indifference to a serious medical need, therefore, he must recast his complaint to satisfy the subjective inquiry of such a claim. Otherwise, his complaint as it stands is subject to dismissal for failure to demonstrate deliberate indifference by Defendant Dr. Brown.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims. Plaintiff's recast complaint shall take the place of and supersede all allegations

made in the original complaint. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint, should he file one. The Court will not consider those facts contained in Plaintiff's original complaint. Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff is further advised that he may not join unrelated claims and defendants in a single action. Plaintiffs may join Defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant. ***Plaintiff must provide enough facts to plausibly demonstrate that he suffers from a serious medical need and that each Defendants' actions or omissions resulted in the violation of his constitutional rights due to that Defendant's deliberate indifference to that medical need.*** It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

  (2)  Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

  (3)  When and where did each action occur (to the extent memory allows)?

  (4)  How were you injured because of this Defendant's actions or inactions?

  (5)  What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint

---

[1] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See generally* Fed. R. Civ. P. 20; *Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010).

The **CLERK** is **DIRECTED** to mail Plaintiff a standard § 1983 complaint form along with a copy of this Order (all showing the civil action number).

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint as instructed if he wishes to proceed. The recast complaint must be submitted on the Court's standard form for § 1983 complaints. Plaintiff is to thoroughly and completely answer each question presented in the standard complaint form. Plaintiff should not include any exhibits or attachments. ***The complaint must be no longer than ten (10) pages in its entirety.***

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process upon any Defendant until further order of the Court.

**SO ORDERED and DIRECTED**, this 22nd day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge