IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MONROE OLIVER, JR., : | |
| : | |
| Plaintiff, : | |
| : | Case No. 5:23-cv-00111-TES-CHW |
| v. : | |
| : | |
| Doctor BROWN, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. : | Before the U. S. Magistrate Judge |
| : | |

**ORDER**

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Monroe Oliver, Jr., a prisoner at Lexington Federal Medical Center in Lexington, Kentucky, filed the above-captioned 42 U.S.C. § 1983 claim. ECF No. 1. Plaintiff was ordered to recast his complaint. ECF No. 12. Plaintiff has filed his amended complaint. ECF No. 13. Plaintiff has also paid the filing fee. This case is now ripe for preliminary review. Upon such a review, Plaintiff may proceed with his Eighth Amendment deliberate indifference to a serious medical need claim against the Defendant for further factual development.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.  Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S.

2

at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

Plaintiff was previously a prisoner at Washington State Prison from 2019 to 2022. ECF No. 13 at 5. He states that while at Washington State Prison, he "was in serious pain do to … significant bone on bone grinding". *Id*. at 6. At some point during this time, an unnamed specialist recommended surgery to treat Plaintiff's hip, and "other Doctor's noted Plaintiff needed a wheelchair". *Id*. at 6 and 8. Plaintiff states he "could not walk, could not go to the cafeteria to eat, Plaintiff could not shower due to not being able to stand up, Plaintiff had to sit in the floor and wash out of the sink as the prison would not give Plaintiff a wheelchair". *Id.* at 7. Plaintiff complains that "Dr. Brown intentionally delayed medical care for Plaintiff," and whenever Plaintiff asked why he was not getting the recommended

3

treatment, "Dr. Brown simply stated Plaintiff could get surgery once Plaintiff was in the Bureau of Prisons". *Id*. at 6. Plaintiff claims that other "Doctor's expressed concern that delay was result of stall tactics due to cost of surgery". *Id.* at 8. In October 2021, "Plaintiff was sent to have surgery at Reidsville State Prison, the Doctor concluded due to the delay Plaintiff's hip injury had significantly worsened". *Id*. at 8. "Plaintiff asserts that he is now permanently confined to a wheelchair prescribed serious medication i.e. Oxycodone…, Gabapentin…, and was also on Morphine…, due to serious pain and suffering from Dr. Brown's incompetence." *Id.* at 7. Plaintiff further claims that "delay in treatment worsened Plaintiff's hip, and Plaintiff is now at heightened risk for developing life long deformities, scarring and pain due to the lack of treatment by Dr. Brown". *Id.* at 7. Plaintiff seeks damages. *Id.* at 9.

   III.   Plaintiff's Claims

"It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105). To state a deliberate indifference to serious medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The

4

objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) and *McElligott,* 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted).  Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended.  *Farrow*, 40 F.3d at 1243.  An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).  "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all."  *Id.*  A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.*

Plaintiff alleges that he suffered from a hip injury so significant that he "could not walk, could not go to the cafeteria to eat, Plaintiff could not shower due to not being able to stand up, Plaintiff had to sit in the floor and wash out of the sink as the prison would not

give Plaintiff a wheelchair". ECF No. 13 at 7. Plaintiff states that he "was in serious pain do to … significant bone on bone grinding". *Id*. at 6. He further asserts that a specialist recommended surgery for his condition. *Id*. at 6 and 8. These allegations are arguably sufficient to show a serious medical need at this stage in the litigation. Furthermore, Plaintiff claims "Dr. Brown intentionally delayed medical care for Plaintiff" and whenever asked why Plaintiff was not getting the recommended treatment, "Dr. Brown simply stated Plaintiff could get surgery once Plaintiff was in the Bureau of Prisons". *Id*. at 6. Plaintiff asserts that other unnamed doctors shared that Dr. Brown refused the recommended treatment for Plaintiff's condition due to the cost of the treatment. *Id*. at 8. Lastly, Plaintiff contends that the substantial delay in treatment caused him to endure significant pain and worsened his condition. *Id*. at 6-8.

At this early stage in the litigation and considering the liberal construction the complaint must be afforded, these allegations are arguably sufficient to demonstrate deliberate indifference by the Defendant. *See e.g.*, *Farrow*, 40 F.3d at 1243: *McElligott*, 182 F.3d at 1257 ("[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain."); *Rhiner v. Sec'y, Fla. Dep't of Corrs.*, 696 F. App'x, 930 (11th Cir. 2017) (per curiam) (finding allegations that medical staff was aware of serious medical need and "failed to act" sufficient to state Eighth Amendment claim). For these reasons set forth, Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need shall go forward against the Defendant for further factual development.

## ORDER FOR SERVICE

As Plaintiff has made a colorable constitutional violation claim against Defendant Dr. Brown, it is **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and DIRECTED**, this 14th day of July, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge