IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| OLIVER MONROE, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 5:23-cv-00111 (TES) (CHW) |
| | : | |
| Doctor BROWN, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |

**ORDER**

Before the Court is Plaintiff's application for default against Defendant Brown. (Doc. 26). Plaintiff requests the entry of default against Defendant for failing to respond to his complaint after being personally served. (Doc. 25). As discussed below, the Court is not able to direct the Clerk of Court to enter default against Defendant Brown at this time because he was not properly served under Rule 4(e) of the Federal Rules of Civil Procedure.

In March 2023, Plaintiff originally filed suit against Defendant Brown, who was a medical provider at Washington State Prison. (Doc. 1). Plaintiff filed a recast complaint as directed, and following screening of the complaint, Plaintiff's deliberate indifference claims against Defendant Brown were permitted to proceed for further factual development. (Docs. 12-14). The Clerk of Court issued waiver of service paperwork for Defendant Brown, which was returned unexecuted. (Docs. 14-17). When a deputy U.S. Marshal (DUSM) attempted personal service, it was discovered that Defendant Brown no longer works at Washington State Prison but now works in South Carolina. (Doc. 21). The clerk's office reissued the personal service paperwork for service by the Marshal in the District of South Carolina. (Doc. 22-24). Instead of serving Defendant Brown

personally, the USDM served the office manager of a medical practice, Padget Family Practice, where Defendant Brown was believed to be working. (Doc. 25).

Under Rule 4(e) of the Federal Rules of Civil Procedure, leaving a copy with the office manager did not perfect service upon Defendant Brown. Rule 4(e) requires that service be made by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who reside there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Because Defendant Brown is an individual defendant, Rule(4)(e)(2)(C) is inapplicable to this case, and the office manager could not accept service on his behalf as an agent. Rule (4)(e)(2)(B) also does not apply, as there is no suggestion that Defendant Brown's abode was at the medical practice. As such, the office manager could not accept service on his behalf. Service must therefore be effected under Rule (4)(e)(1) or Rule (4)(e)(2)(A), both of which would require service on Defendant Brown personally. Rule 4 of the South Carolina Rules of Civil Procedure largely mimics the Federal Rules as to personal service on an individual defendant like Defendant Brown. Under either Rule, service must be effected by "delivering a copy of the summons and of the complaint to [Defendant Brown] personally." The return of service (Doc. 25) shows that Defendant Brown was not personally served. In the absence of proper service, Defendant Brown cannot be held in default at this time for failing to response to Plaintiff's complaint.

The tardiness of service prompts consideration under Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) governs the time for service and the procedure for when service has

not been made. Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Even without good cause, the court retains discretion to extend the time service of process. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005). The time for service has expired, but good cause exists in this case to extend it and there is no fault on the part of Plaintiff for the delay. *See Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part.").

Based on the foregoing, Plaintiff's application for entry of default (Doc. 26) is **DENIED** as premature. The Court **DIRECTS** the Clerk of Court to have a new request for waiver of service mailed to Defendant Brown at both known current addresses:

| | |
|---|---|
| Bamberg Special Services | Padgett Family Practice |
| 185 McGee Street | 526 North Street |
| Bamberg, South Carolina, 29003, | Bamberg South Carolina 29003 |
| Phone No.: 803-956-6100 | Phone No.: 803-245-2433. |

If Defendant fails to waive service, the Clerk will then initiate personal service consistent with the Federal Rules of Civil Procedure.

**SO ORDERED**, this 29th day of November, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge