IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **OLIVER MONROE, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No: 5:23-cv-00111-TES-CHW |
| | : | |
| Doctor **BROWN,** | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| **Defendant.** | : | |

## ORDER

Pending before the Court's is Plaintiff's motion to compel. (Doc. 70). Within the motion, Plaintiff explains that his opt-out notice in related bankruptcy proceedings was deemed timely by the bankruptcy court. (*Id*, p. 1). Now that his claim against Defendant Brown may proceed, Plaintiff again asks the Court to compel Defendant to provide certain records. (Doc. 70). Plaintiff does not identify any specific documents that he has requested and has not received, although Plaintiff repeats his contention that he has never received the motion for summary judgment and supporting documents (Doc. 44) filed by Defendant prior to the entry of the stay in this case. That motion was terminated by the Court's stay order (Doc. 57), with leave to refile once the stay is lifted.

The Court does not entertain motions to compel absent certificate that the movant first attempted to confer, in good faith prior to filing the motion, with the opposing parties to seek the requested information without court action. Fed. R. Civ. P. 37; Local Rule 37. Plaintiff states that he requested unspecified records several times, but his motion is unaccompanied by a certificate that the parties specifically attempted to resolve this dispute in anticipation of a motion to compel or by any showing that Plaintiff sought the records through the ordinary process of discovery.

Defendant represents that Plaintiff has never served Defendant with any discovery requests. (Doc. 72, p. 2). Based on the foregoing, Plaintiff's motion to compel (Doc. 70) is **DENIED**.

Defendant Brown has informed the Court that he anticipates filing a dispositive motion now that the stay of the case has been lifted and Plaintiff's opt-out request was accepted. (Doc. 73). Dispositive motions are due December 1, 2025. Defense counsel is advised to review the docket regarding the challenges that Plaintiff faced receiving the now terminated summary judgment motion (Docs. 44, 45, 50, 55, 56, 57) and ensure that Plaintiff receives any future dispositive motion and supporting exhibits.

**SO ORDERED**, this 28th day of October, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge