**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MONROE OLIVER, JR.,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Doctor BROWN,**<br><br>*Defendant.* | **Case No. 5:23-cv-111-TES-CHW**<br>**Proceedings Under 42 U.S.C. § 1983**<br>**Before the U.S. Magistrate Judge** |

# ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 10, 2026, the United States Magistrate Judge filed a Report & Recommendation ("R&R") [Doc. 80] and ultimately recommended that Defendant Brown's motion for summary judgment [Doc. 76] be granted. Pursuant to 28 U.S.C. § 636(b)(1)(C), the magistrate judge allowed Plaintiff 14 days within which to file any objections to the Recommendation. [Doc. 80, p. 13]. Plaintiff's objection, dated July 24, 2026, was filed with the Court on July 31, 2026.[1]

In light of Plaintiff's timely Objection, the Court conducts a de novo review of those portions of the Recommendation to which objections are made. 28 U.S.C. §

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

636(b)(1)(C). Here, in his Objection, Plaintiff asks "for an extension of time to prove the facts in this case" and states that he "need[s] help to finish [his] claim . . . to prove to the courts that [he] is telling the truth." [Doc. 81, p. 2]. Plaintiff asserts that "if the Court would grant [him] a public defender [he could] prove everything [he's ] said." [*Id.*]. Plaintiff also recites a number of allegedly factual statements without a single citation to the record.

Plaintiff's objections fail, however, to directly address any of the factual findings of the magistrate judge, each of which is supported by the record. In fact, when given the opportunity to directly respond to any of Defendant's factual assertions after the motion for summary judgment was filed, Plaintiff failed to do so. Plaintiff did not respond to the motion at all, in fact. And while Plaintiff has expressed his desire for the appointment of a public defender to help him prove his case, he is not entitled to legal representation in civil cases.[2]

---

[2] The Sixth Amendment provides, "In all *criminal prosecutions*, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI (emphasis added). Thus, "[t]he Sixth Amendment guarantees criminal defendants the right to [effective assistance of] counsel." *Spriggs v. United States*, No. 19- 13238, 2022 WL 2345758, at *6 (11th Cir. June 29, 2022) (first citing U.S. Const. amend. VI; and then citing *Gideon v. Wainwright*, 372 U.S. 335, 339–40, 343 (1963)) (emphasis added); *see also Strickland v. Washington*, 466 U.S. 668, 686 (1984). Since Plaintiff's case is a civil matter, there is no constitutional right to counsel. *Cuff v. Fla. A&M Univ. Bd. of Trs*., No. 23-12474, 2024 WL 4558807, at *2 (Oct. 23, 2024) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). As the Eleventh Circuit observed quite recently,

> The distinction between civil and criminal cases when it comes to appointing counsel is rooted in the gravity of each proceeding. In criminal cases, the Constitution guarantees the right to appointed counsel because what is at stake is a person's liberty, or even his life. The law recognizes that defending oneself against the government's power can be daunting. *See* [*Gideon*], 372 U.S. [at] 344–45 . . . . Civil cases, by contrast, usually involve

After review of the United States Magistrate Judge's R&R, the Court finds no clear enumeration of error and agrees with his findings and conclusions. Accordingly, the Court **ADOPTS** the United States Magistrate Judge's R&R [Doc. 80] and **MAKES IT THE ORDER OF THE COURT**. The Court therefore **GRANTS** Defendant's motion for summary judgment and **DIRECTS** the Clerk of Court to **ENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 6th day of August, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

disputes over property, contracts, or rights—important, yes, but they do not carry the same risk of a jail cell. So, the courts generally expect civil litigants to stand on their own, unless their situation is truly extraordinary. *Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18, 26–27 (1981). Cuff, 2024 WL 4558807, at *2 n.

Plaintiff has not demonstrated that his situation is "truly extraordinary." Only now that his claims are in danger of being dismissed does he assert a need for counsel. The Court is not convinced. Therefore, he is not entitled to representation in this matter.